UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ANTONIO MORA-MERAZ,

             Petitioner,                         Civil No. 08-709-HA

             v.                              OPINION AND ORDER

J.E. THOMAS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

             Respondent.

_____


HAGGERTY, District Judge:

       Petitioner has filed a Petition for a Writ of Habeas Corpus [1] pursuant to 28 U.S.C. §

2241.  He invokes this court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(4).  Petitioner is

a federal prisoner being housed by the Bureau of Prisons (BOP) at the Federal Correctional

Institution in Sheridan, Oregon.  Petitioner asserts that the BOP erred in denying him eligibility

1 - OPINION AND ORDER

for participation in a residential drug abuse program (RDAP) and the resulting possible,

discretionary one-year sentence reduction available under 18 U.S.C. § 3621(e)(2)(B).

     In the Response to Habeas Petition [7], which this court construes as a motion for

dismissal, respondent contends that the petition should be denied on grounds that petitioner was

properly found ineligible for RDAP.  For the following reasons, the petition [1] is denied, and

the Response to Habeas Petition/Motion to Dismiss [7] is granted.

## **BACKGROUND**

     Petitioner was sentenced to 120 months imprisonment in the custody of the BOP pursuant

to his conviction for Possession with Intent to Distribute 13.32 Kilograms of Cocaine in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  Petitioner was found ineligible for RDAP.

Petitioner contends that this finding violates his constitutional and statutory rights.

     The statute at issue, 18 U.S.C. § 3621(b), directs the BOP to provide substance abuse

treatment to "eligible" prisoners who have a "treatable condition of substance addiction or

abuse."  As an incentive for prisoners to seek treatment, Congress made one-year sentence

reductions available to some prisoners who completed the substance abuse treatment programs.

§ 3621(e)(2)(B).  In this 1994 legislation, Congress mandated that only certain nonviolent

offenders are eligible for a sentence reduction, and that the sentence reduction may not exceed

one year.  *Id*.

     The statute defines "eligible prisoner" as a prisoner who is determined by the BOP to

have a substance abuse problem and is willing to participate in a residential substance abuse

treatment program.  18 U.S.C. § 3621(e)(5)(B)(i),(ii).

2 - OPINION AND ORDER

"The discretion of the BOP in determining eligibility for treatment is unlimited; indeed, Congress did not set forth specific criteria which the BOP must apply in determining who is eligible for treatment." *Quintana v. Bauknecht*, No. 3:05cv359/LAC/EMT, 2006 WL 1174353, *2 (N.D. Fla. May 2, 2006). The administrative rule implementing § 3621(e)(1) provides that the inmate must have a verifiable documented drug abuse problem, and that the placement decision be made by the drug abuse treatment coordinator. *See* 28 C.F.R. § 550.56. This is in accordance with the recognized qualifications for RDAP, which include a diagnosis of a substance abuse problem that is confirmed by a trained clinical or counseling psychologist. 18 U.S.C. §3621(e)(5)(B)).

Other requirements include reference to documentation in the inmate's central file or other formal documents that establish that the inmate suffered a substance use problem. The documentation must pertain to drugs that are consistent with the drugs identified on the RDAP eligibility interview. *Id*.

The BOP uses diagnostic criteria provided in the American Psychiatric Association's Diagnostic and Statistical Manual (DSM) of Mental Disorders. In this case, the BOP used the DSM, Fourth Edition, Text Revision (DSM-IV-TR). Resp. to Pet. at 3 (citation omitted).

In evaluating petitioner, the BOP relied upon a BOP Program Statement (PS), which provides, in part, that the program staff must determine if the inmate has a substance abuse disorder by conducting the Residential Drug Abuse Eligibility Interview and reviewing "pertinent documents in the inmate's central file to corroborate self-reported information." PS 5330.10 (Resp. to Pet., Ex. 2). That statement also provides that the inmate must meet the

diagnostic criteria for substance abuse or dependence indicated in DSM-IV-TR.  This diagnostic

impression must be reviewed and signed by a drug abuse treatment program coordinator.

Petitioner was interviewed and reported a history of use and symptoms of dependence on

alcohol, marijuana, and cocaine.  Resp. to Pet. at 4 (citation omitted).

Doctor Neil Solomon, who as the Drug Abuse Treatment Program Coordinator at

Sheridan reviewed petitioner's RDAP application, examined petitioner's Presentence

Investigation Report (PSI).  Resp. to Pet., Ex. 1 at 3.  The PSI indicated that petitioner reported

that he tried marijuana at the age of thirteen and never smoked it again, and tried cocaine once in

1982.  *Id*. (citation omitted).  Petitioner denied any substance abuse issues, and expressed the

belief that he would not benefit from treatment.  *Id*.

Doctor Solomon reviewed petitioner's central file and found no mention of marijuana,

alcohol or cocaine use, no prior convictions for intoxication, and no positive urine analysis

mentioned.  *Id*. at 3-4.  The Psychology Data System provided no documentation about the

completion of any drug treatment or drug education programming.  *Id*. at 4.  Doctor Solomon

also stated that no other documentation supporting petitioner's eligibility into RDAP was

provided.  *Id*.  Doctor Solomon concluded that "[c]urrently, there [is] no other written

documentation to indicate that the inmate had used the same substance, for which a diagnosis of

abuse or dependence was made via the interview."  *Id*.

Petitioner was found to be ineligible for the RDAP program.  He was advised of other

drug treatment programming available to him, including "Nonresidential Drug Treatment,

Individual Drug Treatment, Drug Education, Narcotics Anonymous, and Alcoholics

Anonymous," none of which require a verified history of use.  *Id*.  Petitioner was also

4 - OPINION AND ORDER

encouraged to obtain verification of conditions that could establish that he qualified for RDAP

and then seek reconsideration of the BOP's determination of ineligibility.  *Id.*

**ANALYSIS**

Petitioner contends that he meets the criteria for RDAP eligibility because of the alcohol

and cocaine dependence that he reported in his Eligibility Interview.  Petitioner refers to the fact

that the BOP diagnosed him as having a substance abuse problem based on that interview.  Reply

at 2.  Petitioner points to the BOP's "Axis I" Diagnostic Impression of him listing alcohol

dependence and cocaine dependence.  Reply, Ex. B.  Petitioner contends that this diagnosis, his

drug and alcohol use described in his Eligibility Interview, and the references to drug and

alcohol use in his PSI were sufficient for admission into RDAP.  Reply at 5.

At the heart of petitioner's argument are references made by respondent to a so-called

"twelve-month rule" that imposes an alleged "temporal limitation" within the applicable RDAP

regulations, program statements and statutes.  Petitioner contends that this twelve-month rule is

not supported by the relevant RDAP-related statutes and BOP rules, and should be viewed as

invalid.  Moreover, petitioner contends that the invocation of the twelve-month rule violates the

rule-making requirements of the Administrative Procedure Act (APA).  These arguments are

analyzed in turn, after addressing respondent's "failure to exhaust" affirmative defense.

**1.      Are exhaustion requirements waived?**

The Ninth Circuit requires that "as a prudential matter . . . habeas petitioners exhaust

available judicial and administrative remedies before seeking relief under § 2241."

*Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001) *abrogated on other grounds by*

*Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).  The requirement may be waived in limited

circumstances, including when pursuit of administrative remedies would be futile.  *See Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of the exhaustion requirement may be appropriate).

Petitioner's initial administrative appeals were undertaken and have been rejected.  Pet. at 14.  Subsequent administrative appeals remained pending at the time the petition was filed.  *Id.*

This court is cognizant of the value inherent in permitting an agency to create a record and apply its expertise in addressing administrative appeals, and that habeas corpus petitioners are prohibited from deliberately bypassing available administrative remedies and proceeding directly to court.  *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986).  However, if petitioner's administrative appeal is not exhausted but remains pending at this point, compelling further pursuit of that remedy would be, for practical purposes, futile.  This court exercises its discretion to waive further requirements regarding exhaustion of administrative remedies in this case and proceeds to the merits of the petition.

### 2.    Is the twelve-month rule valid?

Petitioner contends that the BOP regulation implementing the statute makes no provision for a "temporal limitation."  Reply at 6 (citing 28 C.F.R. § 550.56(a)).  Rather, that regulation requires only that an inmate "have a verifiable documented drug abuse problem."  *Id.*

Moreover, petitioner argues, the relevant PS addresses eligibility criteria without reference to temporal limitations.  *See* PS 5330.10 Ch. 5.  Petitioner argues that the BOP's "additional requirement of proof of use within the 12 months preceding incarceration is contrary to the applicable statute, regulation, and program statement."  Reply at 6.

It appears clear that Congress left the issue of determining which prisoners suffer from "a substance abuse problem" sufficient for admission into RDAP to the discretion of the BOP. Title 18 U.S.C. § 3621(b)(5) requires only that the BOP make substance abuse treatment available for those inmates with a "treatable condition of substance addiction or abuse." The authority to determine whether an inmate has a "substance abuse problem" is given to the BOP. 18 U.S.C. § 3621(e)(5)(B).

Accordingly, the BOP promulgated 28 U.S.C. § 550.56(a), in which it defined some eligibility criteria for RDAP participation. Section 550.56(a) requires that an inmate have a "verifiable documented drug abuse problem," but again, that term is left undefined. Because neither the statute nor the regulation define "verifiable documented drug abuse problem," the BOP developed PS 5330.10, which expressly refers to the DSM-IV. Resp., Ex. 2.

Specifically, the BOP relies upon the DSM-IV criteria to identify prisoners who have a substance abuse problem. That criteria refer to the significance of exhibiting certain symptoms during a twelve-month period in making a diagnosis. The DSM-IV requires that at least one of three of the symptoms listed in the criteria for substance abuse or dependence occur in the same twelve-month period. DSM-IV at 175-183. The BOP incorporated this objective requirement in the development of its policy that examines the prisoner's central file for the purpose of determining RDAP eligibility.

This aspect of the BOP's policy, requiring documentation to support a claim of substance abuse or dependence during the twelve-month period preceding the prisoner's incarceration, is reasonable:

> [b]ecause the DSM-IV dictates that diagnosis of substance abuse is dependent upon the existence of certain symptoms during a twelve-month period and that

7 - OPINION AND ORDER

remission is dependent upon the absence of those symptoms for a twelve-month period unless the subject is in a "controlled environment," it is reasonable for the BOP to look to the twelve-month period before a prisoner is incarcerated to determine whether the prisoner exhibited the symptoms signaling drug abuse. Moreover, because of the sentence-reduction incentive, it is reasonable for the BOP to review the PSI and central file for documentation corroborating a prisoner's self-report of substance abuse. Thus, the challenged policy and practice of the BOP is a reasonable interpretation of the statute, as most courts who have considered the issue agree.

*Wilson v. Kastner*, No. CIV-08-0859-HE, 2009 WL 464454, *6 (W. D. Okla., February 24, 2009) (citations omitted).[1]

Petitioner's reliance upon this court's decision in *Kuna v. Daniels* as supporting a contrary conclusion is misplaced. 234 F. Supp. 2d 1168 (D. Or. 2002). In *Kuna*, this court addressed the BOP's interpretation and characterizations of the petitioner's alcohol use in his PSI. *Id*. at 1169. This court rejected the BOP's theory that petitioner's self-description as a social drinker did not support petitioner's DSM-IV diagnosis of alcohol dependence. *Id*. This court concluded that the BOP "is without discretion to go beyond the unambiguous terms of its program statement." *Id*. (citation omitted). The scope of that conclusion falls short of resolving the question presented here: whether the BOP's reliance upon the DSM-IV as grounds for examining the twelve-month period before a prisoner is incarcerated to determine whether the prisoner exhibited symptoms signaling drug abuse is reasonable.

---

[1] This court has considered – but is unpersuaded by – other decisions that support the minority view. In *Smith v. Vazquez*, the court concluded that the twelve-month rule (1) cannot be traced to an "actual source;" (2) appears inconsistent with the "unambiguous" reliance the PS places upon any written documentation that supports verification of a drug abuse problem; and (3) is likely to be applied inconsistently nationally. 491 F. Supp. 2d 1165, 1167-68 (S. D. Ga. 2007). After careful consideration, this court concludes that the twelve-month rule is rationally derived from the guidance provided by the DSM-IV and complements rather than contradicts the requirement for written documentation.

8 - OPINION AND ORDER

To the extent that aspects of the *Kuna* decision could be construed as inconsistent with the conclusion that such reliance is reasonable, those aspects are overruled.[2]

### 3. Does the twelve-month rule violate the APA?

Petitioner also contends that the twelve-month rule "was not promulgated with the required notice and comment under § 553 of the [APA]." Reply at 9. Under § 553, it is mandated that: "[g]eneral notice of proposed rule making shall be published in the Federal Register, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law." 5 U.S.C. § 553(b). This court has considered this argument and rejects it.

An agency's obligation to comply with the APA's notice and comment provisions is an administrative requirement that must be fulfilled, notwithstanding whether an agency's action is susceptible to judicial review. 5 U.S.C. § 553; *Lincoln v. Vigil*, 508 U.S. 182, 195-96 (1993). However, the rule-making requirement under § 553 of the APA does not apply to "interpretative rules." 5 U.S.C. § 553(a). A program statement is construed as an internal agency guideline, "which is akin to an 'interpretative rule' that 'do[es] not require notice and comment.'" *Reno v. Koray*, 515 U.S. 50, 61 (1995) (quoting *Shalala v. Guernsey Mem. Hosp.*, 514 U.S. 87, 99 (1995)).

### CONCLUSION

---

[2] This court's decision in *Salvador-Orta v. Daniels* rejected the BOP's "strict adherence" to the twelve-month rule to evaluate an inmate's substance abuse problem when that inmate's remission was "solely a consequence of the fact that he complied with his court-ordered conditions of release during the twelve months prior to surrendering to the BOP." 531 F. Supp. 2d. 1249, 1251 (D. Or. 2008). *Salvador-Orta* does not support a conclusion that the twelve-month rule is invalid, but does recognize that the rule must be applied fairly.

Petitioner lacked a verifiable documented substance abuse problem as required by the

administrative rules implementing § 3621(e)(1) for admission into RDAP.  *See* 28 C.F.R. §

550.56.  The BOP has defined that term reasonably, including its imposition of what this ruling

has recognized as the twelve-month rule.  Additionally, the BOP's requirement of written

documentation verifying a history of use is a reasonable interpretation of § 3621(e)(1) and is a

permissible exercise of the BOP's statutory discretion.  Because petitioner has failed to establish

that the BOP abused its discretion in denying him eligibility for RDAP, the petition must be

denied.  Accordingly, Antonio Mora-Meraz's petition [1] is DENIED, and the Response to

Habeas Petition/Motion to Dismiss [7] is GRANTED.

IT IS SO ORDERED.

DATED this   30   day of March, 2009.


_____/s/ Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Judge